question of infringement. As the patent to Bell bears date prior to the use of stages by the marine brigade, or the publication in Appleton's Dictionary of Mechanics, the defense of want of novelty cannot be maintained.

The averment that the device of Bell is not useful cannot be sustained. All the law requires as to utility is that the invention should not be frivolous or dangerous. It does not require any given degree of utility. If the invention is useful at all, that suffices. Cox v. Griggs [Id. 3,302]; Hoffheius v. Brandt [Id. 6,575].

The result of these views is that there must be a decree for complainants, directing a perpetual injunction to go against defendants, as prayed in the bill, and a reference to a master for an account of profits.

## Case No. 3,145.

### CONVERSE v. COIT.

[This case does not appear to have been reported, but in a note to Tutt v. Ide, Case No. 14,275b, Mr. Justice Nelson, then of the United States supreme court, is stated as having said, on denying a motion by defendant for a new trial, that Converse v. Coit was decided by him in a case in the state court,—referring to the New York supreme court.]

CONVERSE (MALTBY v.). See Case No. 8,999.

CONVERSE (UNITED STATES v.). See Case No. 14,848.

## Case No. 3,146.

### CONWAY v. ALEXANDER.

[2 Cranch, C. C. 57.][1]

Circuit Court, District of Columbia. Nov. Term, 1812.

COSTS UPON REVERSAL BY SUPREME COURT.

Costs are not given upon reversal in the supreme court of the United States.

Upon a mandate from the supreme court of the United States, reversing the decree of this court, and ordering the bill to be dismissed. [Conway v. Alexander, 7 Cranch (11 U. S.) 218.]

C. Lee, moved this court to award costs of the supreme court, as well as of this court against the complainant.

But THE COURT (FITZHUGH, Circuit Judge, absent) refused as to the costs of the supreme court.

CONWAY (COOK v.). See Case No. 3,154.

CONWAY (HOWLAND v.). See Case No. 6,793.

CONWAY (NATIONAL BANK OF FREDERICKSBURG v.). See Case No. 10,037.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 3,147.

### CONWAY v. SHERRON.

[2 Cranch, C. C. 80.][1]

Circuit Court, District of Columbia. Nov. Term, 1813.

PART PERFORMANCE OF LAND CONTRACT.

The taking possession, and cultivating of the land by the vendee, takes the sale out of the statute of frauds.

Bill in equity by the executors of the vendor for a specific execution of a sale of land at auction; averring part performance. Plea, statute of frauds.

E. J. Lee, for plaintiffs, contended—

1st. That the statute does not apply to goods sold at auction; and that there is no reason for a difference between lands and goods in that respect. It is not necessary that the auctioneer's authority should be in writing. 1 Sugd. Vend. 57; Simon v. Motivos, 3 Burrows, 1921, 1 W. Bl. 599; Payne v. Cave, 3 Term R. 148; Coles v. Trecothick, 9 Ves. 234, 249; Pow. Cont. 272; Waller v. Hendon, 5 Vin. Abr. 524. The auctioneer is a public officer, like a sheriff or a master in chancery, &c. Law Va. Dec. 22, 1796; Duval v. Bibb, 3 Call, 362.

2d. That the agreement was executed in part by the plaintiffs' suffering the defendant to take possession and enjoin the rents and profits, &c., which takes the case out of the statute. Bell v. Andrews, 4 Dall. [4 U. S.] 152; 1 Sugd. Vend. 72; 1 Vern. 363; 1 Ves. 220, 297; 4 Ves. 720; and Argenbright v. Campbell, 3 Hen. & M. 161.

THE COURT (FITZHUGH, Circuit Judge, not sitting) overruled the plea, on the ground of part execution of the agreement; and at November term, 1814, upon final hearing, decree a specific performance.

CONWAY (TRIGG v.). See Cases Nos. 14,172 and 14,173.

CONWAY (UNITED STATES v.). See Case No. 14,849.

## Case No. 3,148.

### CONWELL v. WHITE WATER VALLEY CANAL CO. et al.

[4 Biss. 195.][2]

Circuit Court, D. Indiana. May, 1868.

JURISDICTION—CITIZENSHIP—THIRD PERSONS.

1. It is a general rule that, to give the United States courts jurisdiction of a cause, the plaintiffs and defendants must be citizens of different states. But to this rule there are several exceptions.

2. In a cause over which a national court has acquired jurisdiction solely by reason of the

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]